May it please the Court, I'm Don Awerkamp representing Plaintiff Appellant Dr. Marguerite Kaye. Mr. Awerkamp? I would like to reserve two minutes of my time for rebuttal. You may do so. Just watch the clock. Thank you. In the District Court, and in their brief here, the defendants have argued, and the District Court ruled, that satisfying the requirements of Loudermill v. Cleveland Board of Education for notice and opportunity to respond was all that was required to satisfy the due process in depriving Dr. Kaye of her tenured faculty position at the University of Arizona. However, this Court has clearly established, to the contrary, that much more is required than simply notice and opportunity to be heard. Indeed, Loudermill ---- Mr. Awerkamp, I didn't understand that that was an issue that you were pressing on appeal. I thought we were talking about whether or not qualified immunity applied and whether or not the appeal is barred by failure to meet the deadlines under the Arizona APA. Yes, Your Honor, and qualified immunity is the issue regarding notice and opportunity to be heard or the other clearly established requirements for due process that were talked about in terms of a unbiased decision-maker for ---- Aren't you barred by our prior panel decision in Kaye v. Tolbert on this issue? Isn't this race judicata? No, Your Honor. I don't believe that issue was dealt with because we had a totally different panel. We had a different issue there. But the issue was whether or not they were entitled to qualified immunity, and the panel held that they were. So are you re-arguing qualified immunity on a different ground? Is that what you're pressing here? We're arguing a different due process violation, Your Honor. But you are seeking to have us overturn the prior panel's determination that they were entitled to qualified immunity, but for a different reason, for violation of due process. A different group of defendants doing a different procedure, and it doesn't require overturning the previous panel because there were a different set of previous set of facts. This regards ---- Let's be clear about this because I want to make sure I understand your argument. If the issue was qualified immunity of the members of the panel, the university panel, and our prior three-judge panel held that they were entitled to qualified immunity, why aren't you collaterally stopped by the doctrine of race judicata from raising that issue again today? Because there was, number one, a different panel, number two, a different set of facts, number three, a different violation of due process that was alleged that the court addressed in the previous determination. And here we have subsequent events. Basically, it went back to the university after the remand by the superior court. The university started a new set of processes, and when it engaged in that new set of processes, it did not give Dr. Kaye due process in the second set of procedures. For example, it did not give her an unbiased decision-maker. It gave her decision-makers that had already stated the opinion, taken a public stance on it, given a position. And as a matter of fact, President Likens even had it posted on his website that she was guilty. Therefore, he couldn't be considered a ---- Well, he was named, I assume, he was involved in both, right, because he's the university president? Yes, Your Honor. Well, how can we ---- I mean, it seems to me it's a factual impossibility. If it's the same ultimate president who has to make the determination, how can we ignore the fact that the first time around, based on the first university panel's recommendation, they recommended termination, and he imposed that discipline. And then when the second panel made the same recommendation, he imposed it again. How can that be evidence of bias? Because even after the Court had found that the first process was arbitrary and capricious, that the first process was arbitrary and capricious, he nevertheless relied on that and only on that, that arbitrary and capricious process, to again pronounce her guilty. And if a court says that a proceeding is arbitrary and capricious and therefore needs to be reversed, and then a person says, but I still think she's guilty because of that process, that arbitrary and capricious process findings, that person cannot be considered to have an unbiased opinion. If that were the rule, how could we ever remand a matter to the same district judge who had sat as the finder of fact in a bench trial where we reverse and remand for a retrial? It seems to me that the logical extension of your argument is that in every case we'd have to tell that district judge, you have to recuse yourself from rehearing this case the second time around because you previously made an adverse determination. If Your Honors found that that previous judge had acted arbitrarily and capriciously in his previous decision, I think Your Honors would be finding that there was bias at work and that you should request the judge. I understand your argument. Counsel, I'm concerned about the failure-to-exhaust issue. What's your view? There was no adequate remedy that was available. The Arizona Supreme Court held that on judicial review of the administrative procedure that the court could not even order her reinstated. The court couldn't do anything to remedy the situation, and therefore, the judicial review procedure is basically a wasted process because it cannot ---- So your argument is futility? It would have been futile to go through the administrative appeal process laid out in the Act? It is futile to try to get the court to order her reinstated. The court can't give her damages. The court can't order her reinstated. The court can't do anything, basically, except remand it back to the university, who can then again have another biased procedure. So there is no remedy available under the Administrative Procedure Act under the decision that the Supreme Court made. Well, there's a remedy. You just chose not to do it because you thought it would be futile to pursue it, right? And that's the short answer to Judge O'Scanlon's question, is you thought it was futile. Whether or not it is or not is a whole different matter. Yes. It would have been ---- it would be ---- would be futile if the court, Supreme Court, said that ---- Do you concede that Loudermill was satisfied with the latest procedure? No. Loudermill makes two requirements. Loudermill says that there has to be, prior to termination, notice and opportunity to be heard. And you agree that you were afforded notice and opportunity to be heard pre-termination, right? There was some opportunity to be heard, yes. And you got notice. Whether it was adequate or not depends. According to Loudermill, whether the pre-termination opportunity to be heard is adequate depends upon the level of the post-termination proceedings. And ---- Isn't that a rather broad reading of Loudermill? Well, I mean, Loudermill itself said, well, we look to Ohio's post-termination proceedings to see whether there's a sufficient remedy available in part. But the key question in Loudermill is whether or not there was sufficient pre-termination proceedings. And it seems to me the extension of Loudermill is, if there ---- if Loudermill is satisfied as to pre-termination, it really doesn't matter whether there's post-termination remedies or not under a Loudermill theory. I don't believe that's what Loudermill is saying. Loudermill is saying that there has to be both a pre-termination and a post-termination, or it could all be merged into one, and you could have, as you have here, the whole proceedings are pre-termination. Counsel, you're down to about half a minute, if you want to reserve. Okay. Thank you, Your Honor. We'll hear from the State. Good morning, Your Honors. Dale Danneman on behalf of the appellees. Mr. Danneman. This case has a long and convoluted history, so I need to correct a few remarks that were made by my opponent this morning with respect to contentions that he's made. First of all, at the time of the briefs being filed in this case, there was then a pending petition for Dr. Kaye before the Arizona Supreme Court asking that the Arizona Court of Appeals' decision that he was, that Dr. Kaye was too late in seeking to pursue an administrative remedy be overturned. After the briefs were filed on June 29th, 2004, the Arizona Supreme Court denied review. Dr. Kaye did not decide that she shouldn't seek administrative review of the administrative decision terminating her employment. She sought such review, but she sought so beyond the time limits set forth in the Arizona Administrative Review Act. She defaulted procedurally. The case was not an administrative review.  The case was not an administrative review. Kennedy, what about Mr. Auerkamp's response that going through administrative review would be a futile act? I didn't, frankly, understand that, Your Honor. He was mixing that up with the fact that in a separate case that Dr. Kaye brought to the Arizona Supreme Court, the Arizona Supreme Court said the State courts in Arizona under the Administrative Review Act can remand a case if they find that there's been an error of law, and the administrative agency should then take whatever action is appropriate, and then there can be further review of that. What the Arizona Supreme Court said in the decision that Mr. Auerkamp is thinking of is that under the Administrative Review Act, the State trial court's remedies do not include ordering reinstatement and back pay. Instead, they order remand, and it's up to the administrative agency to determine whether reinstatement, back pay was appropriate. That occurred in this case after the initial administrative review of Dr. Kaye that resulted in remand in 1999. And had that remedy been denied, I suppose there would have been an additional judicial remedy from that decision? In other words, there was — if the State trial court — if the case was remanded by the Superior Report, which lacked power to order reinstatement, to the administrative agency, the Board of Regents, and the Board of Regents did not give her back pay, did not give her benefits were due, that was subject to administrative review, and at that point, then it could have been remanded again to order that until it was made right. The — Alitoso, did you mean judicial or appellate review? In other words, if — If the administrative agency wrongfully refuses to reinstate or award back pay. If the — if the administrative agency takes — makes a decision which is contrary to law, that is, arbitrary or capricious, then the trial courts of Arizona and the appellate courts have the order to order — to remand pointing out that error. And — and Mr. Awerkamp this morning informed you that Dr. Likens relied on an arbitrary and capricious process that had been overturned once before by the Court to find her guilty. Respectfully, he is in error, Your Honor. The first termination hearing resulted in judicial review under the Administrative Review Act, and that judicial review found that Dr. K was denied the opportunity to go through a conciliation procedure. In fact, when it was remanded, she went through conciliation procedures twice. The other thing that was determined was that she was denied counsel who had a speaking role at the administrative hearing she first had at the — when it was remanded, she had two separate hearings. The record is replete with various notice that was given to Dr. K of the charges. Her own counsel, and she, of course, did not have to appear for the actual termination hearing itself after the faculty panel of eight new faculty members heard extensive evidence over 16 days with respect to various charges, including falsification and fabrication of her scientific research data. Dr. K had full notice, had full opportunity to respond, had full opportunity to attend, attended the actual termination hearing, and — and that gets me really to the next point that — that I — I would suggest Judge Talman's analogy to a remand to a district court judge just simply because an error was made in the proceedings is indeed applicable here. If that district court judge makes a ruling in fulfilling his judicial function, which is wrong, as determined by this Court, or an error of any sort, then remand is appropriate. It's only when that district court judge does something outside of the fulfillment of his judicial responsibilities that this Court can give serious consideration as to whether or not that judge should be disqualified. It's an objective standard, wouldn't you say? Yeah. What is it — what is the website due to that argument? The fact that the decision was posted on the President's website, it seems to me that's the arguable objective factor here. The objective factor is the bias? Yeah. The — the website that Mr. Ayerkamp is referring to is, like all universities, with tens of thousands of students, a — when — when the faculty — when the — when the first deficient hearing took place, the President had made a decision to accept the recommendation of that faculty panel and terminate it. He posted it. And — and there was a press release that was issued. And in the age of the Internet, Your Honors, our websites sometimes carry those press releases forever. And the press release was, in fact, a statement of what had been determined in the first hearing that remained there after the remand had taken place. It was — Part of the historical record. Part of the historical record. I have nothing further to add. Thank you very much. No questions. Mr. Ayerkamp, I think you have a little bit of time left. Thank you. I would just refer, Your Honors, to Clements v. Airport Authority of Washoe County, which is cited in Dr. Kaye's brief. It's 69F3 at 321. At page 32 — 332, the talking about the termination hearing that was given to Mrs. Clements, it says we must independently assess the adequacy of the post-termination proceedings. Not only is such an assessment usually required to determine the necessary scope of pre-termination processes, but the be the source of a distinct due process violation. And then they cite Laudermill. And the Court goes on and says — Counsel, we can read the rest of the opinion ourselves. Thank you, Your Honor. Your time is — I would point out that the issue which Ms. Clements rose — raised in her due process violation was the same as here. She was a whistleblower, and she claimed bias retaliation. Thank you, counsel. Your time has expired. The case just argued will be submitted for decision.
judges: O'scannlain, Thomas, Tallman